UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Cause No. 3:20-cr-12-RLY-MPB |
| TRENT WALKER, | ) ) | |
| Defendant. | ) ) | |

## PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, John E. Childress, Acting United States Attorney for the Southern District of Indiana, and, Tiffany J. Preston, Assistant United States Attorney ("the Government"), and the Defendant, TRENT WALKER ("the Defendant"), in person and by counsel, Shaunda Lynch, hereby inform the Court that a Plea Agreement has been reached in this case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The following are its terms and conditions:

### Part 1: Guilty Plea and Charges

1.    **Plea of Guilty:** The Defendant petitions the Court for leave to enter and agrees to enter a plea of guilty to the following offenses charged in the Indictment:

a.    Counts 1 through 5, which charge that the Defendant committed the offense of Sexual Exploitation of a Child, in violation of Title 18, United States Code, Section 2251(a).

b.    Count 6, which charges that the Defendant committed the offense of Noticing and Advertising Child Pornography, in violation of Title 18, United States Code, Section 2251(d).

c.    Counts 7 through 11, which charge that the Defendant committed the offense of Distribution of Child Pornography, in violation of Title 18, United States Code, Section 2252(a)(2).

d.    Count 12, which charges that the Defendant committed the offense of Possession of Child Pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

2.    **Potential Maximum Penalties**:  As to Counts 1 through 6, the offenses are punishable by a mandatory minimum sentence of 15 years' imprisonment, and a maximum sentence of 30 years' imprisonment, a $250,000 fine, and a lifetime of supervised release following any term of imprisonment. As to Counts 7 through 11, the offense is punishable by a mandatory minimum sentence of 5 years' imprisonment, and a maximum sentence of 20 years' imprisonment, a $250,000 fine, and a lifetime of supervised release following any term of imprisonment. As to Count 12, the offense is punishable by a maximum sentence of 20 years' imprisonment, a $250,000 fine, and term of supervised release of between 5 years' imprisonment and life.

3.    **Elements of the Offense:**  To sustain the offenses to which the Defendant is pleading guilty, the Government must prove the following elements beyond a reasonable doubt:

Counts 1 through 5:

a.    The Defendant did knowingly or did knowingly attempt to employ, use, persuade, induce, entice, and coerce a minor;

b.    To engage in any sexually explicit conduct, as such conduct is defined in 18 U.S.C. §2256(2);

c.    For the purpose of producing any visual depictions of such conduct; and

d.    While knowing or having reason to know that such visual depictions would be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed; or such visual depictions were produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including a computer, or such visual depictions were actually transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

Count 6:

a.    The Defendant knowingly published a notice or advertisement; and

b.    The notice or advertisement sought or offered to distribute a visual depiction; and (1) the production of the visual depiction involved the use of a minor

3

engaging in sexually explicit conduct, and the visual depiction is of the sexually explicit conduct;

    **c.**    The Defendant knew that minor depicted was under the age of eighteen years; and

    **d.**    The Defendant knew or had reason to know that the notice or advertisement would be transported using any means or facility of interstate or foreign commerce, including by computer or by mail; or (b)the notice or advertisement was transported using any means or facility of interstate or foreign commerce, including by computer or by mail.

Counts 7 through 11:

    **a.**    The Defendant knowingly distributed the material identified in the Indictment; and

    **b.**    The material identified in the Indictment is child pornography; and

    **c.**    The Defendant knew that one or more persons depicted in the material identified in the Indictment was under the age of eighteen years; and

    **d.**    The material identified in the Indictment was shipped or transported in a manner affecting interstate or foreign commerce.

Count 12:

    **a.**    The defendant knowingly possessed material that contained one or more images of child pornography;

    **b.**    The defendant knew that one or more persons depicted in the images of child pornography was a minor child; and

4

c.   The devices on which defendant stored child pornography had been mailed, shipped, transported, or produced using materials that have been mailed, shipped or transported in a manner affecting interstate or foreign commerce.

### Part 2: General Provisions

4.   **Sentencing Court's Discretion Within Statutory Range:**   The defendant agrees and understands that: (A) the Court will use its discretion to fashion a sentence within the statutory range(s) set forth above; (B) the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within the statutory range(s); (C) the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within the statutory range(s); (D) the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature; (E) restitution may be imposed; (F) by pleading "Guilty" to more than one offense (Count), the Court may order the sentences to be served consecutively one after another; (G) the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court; and (H) by pleading "Guilty," the Court may impose the same punishment as if the defendant had plead "Not Guilty," had stood trial and been convicted by a jury.

5.   **Sentencing Court Not Bound by Guidelines or Recommendations**: The defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the

determination of the defendant's sentence is within the discretion of the Court. The defendant understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different advisory sentencing guideline range applies in this case, or decides to impose a sentence outside of the advisory sentencing guideline range for any reason, then the defendant will not be permitted to withdraw this plea of guilty for that reason and will be bound by this plea of guilty.

6.   **Plea Agreement Based on Information Presently Known:** The Defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government. The Government agrees not to bring other federal charges against the Defendant based on information currently known to the United States Attorney for the Southern District of Indiana. The Government will inform the Court and the Defendant at the time of taking the Defendant's plea whether the Government has obtained any information after the Plea Agreement was signed that may warrant bringing other federal charges against the Defendant.

7.   **No Protection From Prosecution for Unknown or Subsequent Offenses:** The Defendant acknowledges and agrees that nothing in this agreement shall protect the Defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time. The Defendant further acknowledges and agrees that nothing in this agreement shall protect the Defendant

6

in any way from prosecution for any offense committed after the date of this agreement.

8.     **Rights Under Rule 11(b), Fed. R. Crim. P.:**  The defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath during the guilty plea colloquy.  The defendant also understands that the defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.  The defendant also understands that the Constitution guarantees the right to be considered for release until trial; and if found guilty of the charge(s), the right to appeal the conviction on such charge(s) to a higher court.  The defendant understands that if the Court accepts this plea of guilty, the defendant waives all of these rights.

## Part 3: Sentence of Imprisonment

9.     **Sentencing Recommendation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):**  The parties have **not** agreed upon a specific sentence.   The parties reserve the right to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter.

a.     **Government's Recommendation:**     The Government has agreed to recommend a sentence within the applicable Sentencing Guidelines Range as calculated by the Court during the sentencing hearing, provided that the defendant (i) continues to fully accept responsibility for the offense, (ii) does not commit a new criminal offense before the date of any sentencing, and (iii) does not otherwise violate the terms of any pre-trial release before the date of sentencing.

b.     **Defendant's Recommendation:**     The defendant is free to recommend any sentence, but understands that that he cannot be sentenced to a term of less than 15 years' imprisonment.

10.     **Placement:** The Defendant requests that this Court recommend to the Federal Bureau of Prisons that the Defendant serve any sentence of imprisonment imposed in this case at an institution named by the Defendant during the sentencing hearing.  The Defendant acknowledges and understands that any recommendation by the Court is only a recommendation and does not bind the Federal Bureau of Prisons.     The Government does not object to the Defendant's requested recommendation.

11.     **Supervised Release:**     Both parties reserve the right to present evidence and arguments concerning the terms and conditions of the defendant's lifetime of supervised release.

12.     **Conditions of Supervised Release:** The parties understand and agree that the Court will determine which standard and special conditions of

supervised release to apply in this case.  The parties reserve the right to present evidence and arguments concerning these conditions.

## Part 4:  Monetary Provisions and Forfeiture

13.   **Mandatory Special Assessment:**  The Defendant will pay a total of $1200 assessment on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

14.   **Additional Special Assessment**:   The parties agree that the defendant is indigent and should be exempted from paying the $5,000 mandatory additional special assessment to be imposed by the Court and paid by non-indigent federal defendants charged with this offense pursuant to 18 U.S.C. § 3014.   The parties reserve the right to present evidence and arguments concerning this additional special assessment should the Court so require.

15.   **Fine:**  The Government will not advocate for a fine at sentencing, and leaves the decision regarding the imposition of the fine in the discretion of the District Court.

16.   **Restitution:**  The parties understand that federal law requires the payment of restitution to the minor victims in the offenses charged in the Indictment, some of whom were the victims in the child pornography.

a.   **Minor Victims 1 and 2 as identified in the Indictment:**   The defendant understands that the United States has already located and identified these victims the defendant sexually exploited.   The defendant understands and

9

agrees that he owes restitution to these victims, and the parties reserve the right to present arguments regarding the amount of restitution owed to each victim at sentencing.

      **b.**    **Other Presently Unidentified Victims:** The parties understand that the United States has not yet determined through its investigation whether any other victims in the child pornography offenses, can be identified or will seek such restitution.

      **c.**    **Payment Terms:**  The parties understand that the Court will determine the payment terms for any restitution.

      **d.**    **Other Claims:**  Nothing in this agreement prevents any identified or unidentified victim in the Indictment who is entitled to restitution under the law from seeking additional restitution if they choose to do so.  However, at the present time, the United States does not have any such victims presently identified.

      **e.**    **Joint Agreement of the Parties**: The parties agree that throughout the defendant's entire sentence and term of supervised release, he will have no direct or indirect contact or communication of any kind with Minor Victims 1 and 2 as identified in the Indictment.  If either of the Minor Victims, upon turning 18 years of age, desire to have contact with the Defendant, the Minor Victims may petition the Court to change this condition.  As to the Minor Victims, the defendant may also petition the Court to amend this provision, but only 1) after the Minor Victim turns 18; and 2) the United States Probation Office has first determined that the Minor Victim has consented to the defendant filing the petition.  If any of the families of the

Minor Victims wish to have contact with the defendant at any time, they may initiate contact with the defendant, and the defendant does not need to petition the Court to communicate with them.

17. **Obligation to Pay Financial Component of Sentence**: If the Defendant is unable to pay any financial component of the Defendant's sentence on the date of sentencing, then the Defendant agrees that the payment of the financial component should be a condition of supervised release. The Defendant has a continuing obligation to pay the financial component of the sentence. The Defendant further agrees that as of the date of filing this Plea Agreement the Defendant will provide all requested financial information, including privacy waivers, consents, and releases requested by the Government to access records to verify the Defendant's financial disclosures, to the Government for use in the collection of any fines, restitution, and money judgments imposed by the Court and authorizes the Government to obtain credit reports relating to the Defendant for use in the collection of any fines and restitution, and money judgments imposed by the Court. The Defendant also authorizes the Government to inspect and copy all financial documents and information held by the United States Probation Office. If the Defendant is ever incarcerated in connection with this case, the Defendant may participate in the Bureau of Prisons Inmate Financial Responsibility Program.

18. **Forfeiture:** The Defendant admits that the property listed below constitutes contraband, was used to facilitate, or constitutes the fruits of the commission of the offense(s) to which the Defendant is pleading guilty, and, therefore,

is subject to forfeiture to the United States.  The Defendant abandons all right, title, and interest the Defendant may have in the property listed below so that proper disposition, including destruction, may be made thereof by federal, state, or local law enforcement agencies involved in the investigation of the Defendant's criminal activity, without further notice or obligation whatsoever owing to the Defendant.  The Defendant further agrees not to contest any forfeiture action brought against and consents to the forfeiture of any of the property listed below, whether any such forfeiture action is administrative, judicial, civil, or criminal, and agrees not to contest any use or destruction of any of the property listed below by any federal, state, or local law enforcement agency: a custom built computer with seven hard drives, and physical evidence seized from Walker's residence on August 11, 2019.

The Defendant consents to the entry of orders of forfeiture for such property and waives the requirements of Rules 32.2 and 43(a), Fed. R. Crim. P., regarding notice of the forfeiture in the charging document, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.   The Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the Defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Defendant's guilty plea is accepted.

The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

## Part 5:  Factual Basis for Guilty Plea

19.    The parties stipulate and agree that the following facts establish a factual basis for the Defendant's plea of guilty to the offenses set forth in Paragraph One, above, and that the Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial.  The following information is only a summary of the Government's evidence. This Plea Agreement is not intended to foreclose the presentation of and the Government reserves the right to present additional evidence at the time of sentencing.

The Defendant, TRENT WALKER (hereinafter "WALKER" or "the Defendant"), was a resident of Rockport, Spencer County, Indiana, which is in the Southern District of Indiana.  The pseudonym "Minor Victim 1" represents a 7-year-old minor girl, who lived in Whitesville, Kentucky.  She was born in 2012.  The pseudonym "Minor Victim 2" represents a 7-year-old minor girl, who lived in Spencer County, Indiana.  She was born in 2012.

Between on or about December, 23, 2013, and on or about August 11, 2019, in the Southern District of Indiana and elsewhere, WALKER, did employ, use, persuade, induce, and coerce minors, that being, Minor Victims 1 and 2, to engage in sexually explicit conduct, knowing or having reason to know, that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means,

including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.  Those images and videos included the following as set forth in Counts 1 through 5 of the Indictment:

| Count | Date | File Name | Description |
|---|---|---|---|
| 1 | 12.24.13 | MVI_3266-original.avi | An image depicting Minor Victim 1 tied to cardboard and penetrated by a sex toy in her vagina.   Minor Victim 1 is showing signs of physical pain and distress. |
| 2 | 12.24.13 | IMG_3261.jpg, IMG_3262, IMG_3263, IMG3264 | A series of images depicting Minor Victim 1 tied to cardboard with a rope displaying her vagina and buttocks as well as a close up of her face.  Minor Victim 1 is crying and showing signs of physical pain and distress. |
| 3 | 12.6.2016 | Video4(2).mp4 | A video depicting Minor Victim 1, nude from the waist down, and on her hands and knees with her face on a bed.  The Defendant is seen speaking to Minor Victim 1 about a disciplinary event at school, and taking images or videos with his cellphone.  The video shows the defendant spanking Minor Victim 1, and masturbating. |
| 4 | 12.8.2018 | 20181208_225628.mp4 | A video depicting Minor Victim 2 clothed and sleeping.   The Defendant is seen pulling Minor Victim 2's underwear to the side, as the Defendant performs oral sex on Minor Victim 2's anus. A note is seen next to Minor Victim 2's buttocks, and states, "For [redacted but known]." |
| 5 | 12.8.18 | 20181208_224725.mp4 | A video depicting Minor Victim 2 clothed and sleeping.   The Defendant is seen pulling Minor |

| | | | Victim 2's underwear to the side showing Minor Victim 2's vagina and anus. A note is seen next to Minor Victim 2's buttocks, and states, "For [redacted but known]." |
|---|---|---|---|

More specifically, Minor Victims 1 and 2 were in WALKER's care, custody, and control when he sexually abused them, and produced child pornography of them. With respect to Minor Victim 1, WALKER sexually abused Minor Victim 1 for at least 6 years, and engaged in oral sex, and penetration of the vagina and anus by WALKER's finger, penis, and devices. WALKER forced Minor Victim 1, beginning when she was a toddler, to engage in sadomasochistic behavior that caused physical pain and emotional distress. WALKER produced child pornography depicting his sexual abuse of Minor Victim 1.

Regarding Minor Victim 2, WALKER sexually abused Minor Victim 2 while Minor Victim 2 was asleep by performing oral sex and digital penetration of Minor Victim 2's vagina. WALKER produced child pornography depicting his sexual abuse of Minor Victim 2.

WALKER produced approximately 202 and 223 images of Minor Victims 1 and 2. WALKER admits to producing video and images of Minor Victims 1 and 2 because he has a sexual interest in children, specifically, a sexual interest in sadomasochistic sexual behavior in children.

WALKER also distributed the image and videos he produced of Minor Victims 1 and 2 to other individuals on numerous occasions. On or about the dates listed below, in the Southern District of Indiana and elsewhere, WALKER, distributed child

15

pornography that had been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer to the person or group described in each Count as set forth in the Indictment:

| Count | Date | Group/Person | File Name |
|---|---|---|---|
| 7 | 12/24/2013 | Person 1 | MVI_3266-original.avi |
| 8 | 4/3/2019 | Person 1 | for-[Person 1, redacted but known].jpg |
| 9 | 4/3/2019 | Person 2 | for-[Person 2, redacted but known].jpg |
| 10 | 4/14/2019 | Person 3 | for-[Person 3, redacted but known].jpg |
| 11 | 4/14/2019 | Person 4 | for-[Person 4, redacted but known].jpg |

WALKER distributed images and videos of Minor Victims 1 and 2 on a video and image-sharing site protected by anonymizing software to hundreds of members of the site.   The site has a chat feature, and is dedicated to the production and distribution of child pornography, with a focus on sexual sadomasochistic behavior toward children.   WALKER posted tailor-made videos and images on the site, and had control over who was allowed to remain on the site.

Accordingly, between on or about November 24, 2013, and continuing until at least on or about April 14, 2019, in the Southern District of Indiana, and elsewhere, WALKER, did make, print, and publish, and cause to be made, printed and published, any notice and advertisement seeking and offering to exchange, produce, display, and

distribute any visual depiction, the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), and such visual depiction was of such conduct, knowing and having reason to know that such notice or advertisement would be transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means including by computer or mailed; or such notice or advertisement was transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means including by computer or mailed.

On August 11, 2019, WALKER, did knowingly possess a custom built computer with seven hard drives which contained any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, and the producing of such visual depiction involved the use of a minor, including a minor or minors who had not attained the age of 12 years, engaging in sexually explicit conduct; and such visual depiction is of such conduct.

WALKER used devices that were manufactured outside of Indiana to produce, distribute, and store his collection of child pornography, including the videos and images he produced of Minor Victims 1 and 2. WALKER used sophisticated methods of tradecraft to mask and obfuscate his true identity and the true location of his

Internet Protocol ("IP") address in an intentional effort to evade detection by law enforcement and obstruct justice, and instructed others on how to do the same.

## Part 6:  Other Conditions

20.    **Background Information:**    The Defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the Defendant for the purpose of imposing an appropriate sentence.  The Defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the Defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

21.    **Good Behavior Requirement:** The Defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case.  If the Defendant fails to fully comply with such conditions, then the Government may withdraw from this Agreement.

22.    **Compliance with Federal and State Laws:**   The Defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the Defendant abiding by federal and state laws.

## Part 7: Sentencing Guideline Stipulations

23.    **Guideline Computations:** The parties reserve the right to present evidence and argument concerning the appropriate advisory Sentencing Guideline range for these offenses.  The parties believe that the defendant's offense level is above 43, and therefore, his Guideline range is Life, but have not agreed upon the

18

precise applicable enhancements. They agree that the Court will make this determination.

24. **Acceptance of Responsibility:** To date, the defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. Based upon the defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement, the Government agrees that the defendant should receive a two (2) level reduction provided the defendant satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of sentencing. The defendant timely notified the Government of defendant's intention to enter a plea of guilty, thereby permitting the Government and the Court to allocate their resources efficiently. After the defendant enters a plea of guilty, the Government intends to file a motion pursuant to U.S.S.G. § 3E1.1(b) requesting that the Court decrease the offense level by one (1) additional level. The parties reserve the right to present evidence and arguments concerning the defendant's acceptance of responsibility at the time of sentencing.

## Part 8: Potential Civil Commitment and Sex Offender Registry

25. **Potential Civil Commitment:** The defendant has been advised, and understands, that pursuant to 18 U.S.C. § 4248, he faces potential civil commitment as a sexually dangerous person following the expiration of his term of imprisonment. He understands that any potential civil commitment would be the subject of a separate civil proceeding. He further understands that no one, including his attorney or the Court, can predict with certainty the effect of his conviction on such a civil

19

commitment determination or the likelihood that civil commitment would be imposed.  He understands that civil commitment can be imposed for an indefinite period of time.  He nevertheless affirms that he wants to plead guilty regardless of any potential civil commitment consequences that his plea may entail.

26.   **Sex Offender Registration:**  The defendant shall register as a sex offender with the appropriate authorities of any state in which he resides, is employed, or attends school as required by both federal and state law, pursuant to 18 U.S.C. § 3583(d) and the Sex Offender Registration and Notification Act (SORNA) at 42 U.S.C. § 16913, et seq.

### Part 9: Waiver of Right to Appeal

27.   **Direct Appeal:**  The Defendant understands that the Defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined.  Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the Defendant expressly waives the Defendant's right to appeal the conviction imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742.  The Defendant further expressly waives any and all challenges to the statute(s) to which the Defendant is pleading guilty on constitutional grounds, as well as any challenge that the Defendant's admitted conduct does not fall within the scope of the applicable statute(s). The Defendant further agrees that in the event the Court sentences the Defendant to a sentence within or below the applicable Sentencing Guidelines as calculated by the Court at sentencing, regardless of the Defendant's criminal history

category or how the sentence is calculated by the Court, then the Defendant expressly waives the Defendant's right to appeal the sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. This blanket waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions supervised release and the amount of any fine.

28.     The Government further agrees that it will not assert this waiver as a bar to the defendant seeking a "compassionate release" sentence reduction pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A)(i) based on "extraordinary and compelling reasons" established by the defendant and consistent with U.S.S.G. § 1B1.13 application note 1(A) & (C) (or, in the event of amendment of those U.S.S.G. provisions, the provisions, if any, with the same effect at the time of the filing of the motion for sentence reduction). However, the defendant waives any right to file more than one motion on the same basis. Furthermore, if the defendant files more than one motion, the Government reserves the right to assert this waiver as a bar to an appeal from the District Court's decision regarding that motion. The government further reserves the right to oppose any motion for compassionate release on any other grounds.

29.     **Later Legal Challenges:**   Additionally, the Defendant expressly agrees not to contest, or seek to modify, the Defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255. As

21

concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the Defendant's offense(s) and explicitly make such an amendment retroactive, the Government agrees that it will not argue that this waiver bars the Defendant from filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2) based on that retroactive Guidelines amendment.  However, if the Defendant files such a motion, the Government may oppose the motion on any other grounds.  Furthermore, should the Defendant seek to appeal an adverse ruling of the district court on such a motion, the Government may claim that this waiver bars such an appeal.  As concerns the Section 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the Defendant received ineffective assistance of counsel.

30.    **No Appeal of Supervised Release Term and Conditions**:  The parties' reservation of the rights to present evidence and arguments in this Court concerning the length and conditions of supervised release is not intended to be inconsistent with the Waiver of Appeal specified above, which includes a waiver of the right to appeal to the length and conditions of the period of supervised release.

### Part 10: Presentence Investigation Report

31.    The Defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

32.    The Defendant further requests and consents to the review of the Defendant's Presentence Investigation Report by a Judge, Defendant's counsel, the Defendant, and the Government at any time, including prior to entry of a formal plea of guilty.

## Part 11: Immigration Consequences

33.    The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen of the United States.   Under federal law, a broad range of crimes are removable offenses, including the offenses to which the Defendant is pleading guilty.   The Defendant also recognizes that removal will not occur until service of any sentence imposed in this case has been completed.   Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict to a certainty the effect of the conviction in this case on the Defendant's immigration status. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the Defendant's removal from the United States.

## Part 12: Statement of the Defendant

34.    By signing this document, the Defendant acknowledges the following:

a.    I have received a copy of the Indictment and have read and discussed it with my attorney. I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings

of the Indictment in open Court, and all further proceedings including my arraignment.

b.      I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment, and believe and feel that my attorney is fully informed as to all such matters.  My attorney has since informed, counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

c.      I have read the entire Plea Agreement and discussed it with my attorney.

d.      I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

e.      Except for the provisions of the Plea Agreement, no officer or agent of any branch of Government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty."  I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

**f.**     I am fully satisfied with my attorney's representation during all phases of this case.  My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

**g.**     I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

**h.**     I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea.

**i.**     I understand that if convicted, a Defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

**j.**     My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement.  If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done.  I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

**k.**     My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two-level increase in the offense level.

l.     If this cause is currently set for trial on the Court's calendar, I request that this date be continued to permit the Court to consider this proposed guilty Plea Agreement.   I further understand that any delay resulting from the Court's consideration of this proposed guilty Plea Agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

## Part 13:  Certificate of Counsel

35.     By signing this document, the Defendant's attorney and counselor certifies as follows:

a.     I have read and fully explained to the Defendant all the accusations against the Defendant which are set forth in the Indictment in this case;

b.     To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and Plea Agreement is in all respects accurate and true;

c.     The plea of "Guilty" as offered by the Defendant in the foregoing petition to enter plea of guilty and Plea Agreement accords with my understanding of the facts as related to me by the Defendant and is consistent with my advice to the Defendant;

d.     In my opinion, the Defendant's waiver of all reading of the Indictment in open Court, and in all further proceedings, including arraignment as provided in Rule 10, Fed. R. Crim. P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

e.    In my opinion, the plea of "Guilty" as offered by the Defendant in the foregoing petition to enter plea of guilty and Plea Agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the Defendant as requested in the foregoing petition to enter plea of guilty and Plea Agreement.

## Part 14: Final Provision

36.     **Complete Agreement:** The Defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the Defendant to plead guilty. This document is the complete and only Plea Agreement between the Defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the Plea Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOHN E. CHILDRESS
Acting United States Attorney

6/15/2021
DATE

Tiffany J. Preston
Assistant United States Attorney

6/15/2021
DATE

Nicholas J. Linder
Deputy Chief, Criminal Division

6-17-2021
DATE

Trent Walker
Defendant

6-16-2021
DATE

Shaunda Lynch
Counsel for Defendant

28